UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| PATRICK D. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 18-12-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Patrick Dewayne Smith has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] The matter is pending for initial screening of the petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

**I.**

Following a two-week trial, a jury in Nashville, Tennessee found Smith guilty of conspiracy to possess with intent to distribute cocaine, crack cocaine, and marijuana in violation of 21 U.S.C. § 846, and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956(h), 2. The government had given notice before trial pursuant to 21 U.S.C. § 851 that Smith had four prior convictions in Alabama (two for drug trafficking and two for drug possession) which subjected him to a greater sentence pursuant to 21 U.S.C. § 841(b)(1)(A). Smith filed a memorandum before the sentencing hearing challenging the applicability of the career offender provision found in § 4B1.1 of the Sentencing Guidelines as well as the constitutionality of the recidivist enhancement contained in § 841(b)(1)(A). Over

those objections, in June 2013 the trial court sentenced Smith to life imprisonment on the drug trafficking conviction and to 240 months imprisonment on the money laundering conviction, the two sentences to run concurrently with one another. *United States v. Smith*, No. 3: 11-CR-82 (M.D. Tenn. 2011). The Sixth Circuit rejected Smith's challenges on direct appeal regarding his convictions and the enhancement of his sentence. *United States v. Smith*, 607 F. App'x 340 (6th Cir. 2015).

Smith now argues that the enhancement of his federal sentence pursuant to 21 U.S.C. § 841(b)(1)(A) violates his due process and equal protection rights because his prior convictions were not evaluated as possible predicate offenses using the same "categorical approach" described in *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), which is applied to evaluate prior convictions for possible sentence enhancements imposed pursuant to 18 U.S.C. § 924(e)(1).

## II.

The relief Smith seeks will be denied because his claims are not cognizable in a habeas corpus petition under § 2241 and because they are without merit. A habeas petition filed pursuant to § 2241 may be used to challenge actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). If a federal prisoner instead wishes to challenge the legality of his federal conviction or sentence, he must do so by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose

because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed, he did not file a § 2255 motion, or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez v. Lamanna*, 16 F. App'x 317, 360 (6th Cir. 2001).

To properly invoke the savings clause, the petitioner must be asserting a claim that he is "actual innocent" of the underlying offense by showing that after the petitioner's conviction became final, the Supreme Court re-interpreted the substantive terms of the criminal statute under which he was convicted in a manner that establishes that her conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012) (citing *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001)); *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."). Of course the Supreme Court's

newly-announced interpretation must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308.

Smith's petition will be denied because he is not asserting claims of actual innocence. Therefore, they are not cognizable in a § 2241 petition. Smith asserts that the enhancement of his sentence pursuant to 21 U.S.C. § 841(b)(1)(A) is unconstitutional because it was not the product of the categorical approach discussed in *Mathis* and applied to enhancements under 18 U.S.C. § 924(e)(1). First, this is not a claim based upon statutory interpretation but a constitutional claim. Thus, it falls outside the purview of § 2241. Second, it is not a claim based upon *Mathis* at all. Instead, it is predicated upon the categorical approach, a doctrine established more than a decade before Smith's sentence was imposed. See *Taylor v. United States*, 495 U.S. 575, 600-601 (1990); *Shepard v. United States*, 544 U.S. 13, 26 (2005). Therefore, it is a claim he could and must have asserted before the trial court, upon direct appeal, or in a motion pursuant to 28 U.S.C. § 2255. For these reasons, his claims may not be pursued under 28 U.S.C. § 2241.

Smith also challenges his sentence. The decidedly narrow scope of relief under § 2241 applies with particular force to sentencing challenges. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed

from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Smith's claim fails to satisfy at least the first and third requirements. He was sentenced in 2013, long after *Booker* was decided, and under a discretionary guidelines regime. And as noted above, Smith's claims are not based upon any recent Supreme Court decision. Instead, he challenges the limited applicability of the categorical approach on constitutional grounds, a situation in effect for decades before his sentence was imposed. Smith's challenge to his sentence, therefore, falls well outside the limited exception articulated in *Hill*.

Finally, Smith's claim is wholly without merit. Determining whether a prior conviction was for a "serious drug offense" within the meaning of 18 U.S.C. § 924(e)(2)(A) may involve a complex assessment of whether the prior offense involved the manufacture, distribution, or possession with intent to do one of these things within the meaning of the statute. *Cf. United States v. Hinkle*, 832 F.3d 569, 572-73 (5th Cir. 2016). When making that assessment, the categorical approach guides the district court when comparing each of the numerous elements which collectively constitute the underlying offense against the elements of its generic counterpart. See, e.g., *Taylor*, 495 U.S. at 591.

But Smith's sentence was not enhanced under this statute. Instead, his sentence was enhanced under the far simpler provision found in 21 U.S.C. § 841(b)(1)(A) because he had previously committed numerous "felony drug offenses." To qualify as a "felony drug offense,"

no detailed comparison of elements is required. Rather, 21 U.S.C. § 802(44) merely requires that the prior state or federal offense: (1) be punishable by more than one year in prison, and (2) that it "prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." By its terms, § 802(44) does not require that the prior offense constitute any particular species of crime, but only that it "relat[e] to" conduct involving drugs.

Given the breadth of this definition, the use of the categorical approach is neither necessary nor appropriate. See *United States v. Graham*, 622 F. 3d 445, 456-57 (6th Cir. 2010); *United States v. Spikes*, 158 F.3d 913, 932 (6th Cir. 1998) ("[Section] 802(44) only requires that the state statute criminalize conduct 'relating' to drugs. The use of the expansive term 'relating' as the only substantive limitation on the reach of the statutory phrase 'felony drug offense' clearly indicates that the statute encompasses drug offenses that involve the simple possession of drugs."), *cert. denied*, 525 U.S. 1086 (1999). The more complex analysis described in *Taylor* and *Mathis* is simply not relevant to Smith's circumstances. *Cf. United States v. Smith*, No. 1: 12-CR-88-1, 2017 WL 3528954, at *5-6 (W.D. La. July 11, 2017) (rejecting the exact argument pressed here and correctly noting that "[t]he categorical approach in *Moncrieffe* and *Taylor* has never been applied to the enhanced penalty provisions of § 841(b)(1)(A) and has never been used to interpret the phrase 'felony drug offense' in 21 U.S.C. § 802(44).") (citing *United States v. Wing*, No. 5: 13-CR-87-JMH, 2016 WL 3676333, at *2 (E.D. Ky. 2016)).

**III.**

Smith's petition fails to establish any basis for habeas relief. Accordingly, it is hereby

**ORDERED** as follows:

1. Smith's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 16th day of January, 2018.

Signed By:

*Danny C. Reeves* DCR

**United States District Judge**